| | |
|---|---|
| RED HEAD, INC., a California corporation;<br><br>                    Plaintiff,<br><br>    vs.<br><br>CAPCABO, LLC, a Delaware limited liability company; ROBERT AZINIAN, an individual; CHRISTINA AZINIAN, an individual; CW ON THE BLVD., INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | CASE NO.  2:24-cv-00031-GW-SKx<br><br>**[PROPOSED] STIPULATED PERMANENT INJUNCTION AND ORDER OF DISMISSAL** |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Plaintiff Red Head, Inc. ("Red Head") and Plaintiff Campari America, LLC ("Campari")[1] (Red Head and Campari are referred to collectively as "Plaintiffs"), and (2) Defendants Capcabo, LLC, CW on the Blvd., Inc., Robert Azinian, and Christina Azinian (collectively, "Defendants") (Plaintiffs and Defendants are referred to collectively as "Parties"), having stipulated to the entry of this permanent injunction and dismissal of the action as part of a written settlement agreement, and in accord with Fed. R. Civ. P. 65(d), the Court orders as follows:

---

[1] Campari is plaintiff in the co-pending action, styled *Campari America LLC v. Capcabo LLC*, Case No. 24-cv-1848-GW-SKx (C.D. Cal.).  However, that action has been consolidated with the present action "for pretrial and trial purposes" and the Court has instructed the parties "to make all future filings" in this action.  *See* ECF 84.

-1-

[PROPOSED] STIPULATED PERMANENT INJUNCTION AND
ORDER OF DISMISSAL                                                                 Case No. 2:24-cv-00031-GW-SKx

**The Parties**

1. Campari is a Delaware limited liability company with its principal place of business at 1114 Avenue of the Americas, New York, NY 10036.

2. Plaintiff Campari is the owner of several federal registrations for CABO WABO-related trademarks—including U.S. TM Reg. No. 3,282,174 for CABO WABO; U.S. TM Reg. No. 3,282,181 for CABO WABO; U.S. TM Reg. No. 3,282,182 for CABO WABO; U.S. TM Reg. No. 3,282,183 for CABO WABO; U.S. TM Reg. No. 3,066,661 for CABO WABO; U.S. TM Reg. No. 3,066,473 for CABO WABO CANTINA; U.S. TM Reg. No. 3,261,376 for CABO WABO CANTINA; and U.S. TM Reg. No. 3,624,573 for CABO WABO CANTINA.  These registrations are referred to collectively as "the CABO WABO Marks."

3. Red Head is a California corporation with its principal place of business at 147 Del Oro Lagoon, Novato, CA 94949.

4. Plaintiff Red Head is an authorized licensee of the CABO WABO Marks and is authorized to further sublicense the CABO WABO Marks for sublicensee's use in connection with operating Cabo Wabo-branded restaurants.

5. Defendant Capcabo, LLC is a Delaware limited liability company with its principal place of business at 500 Via Val Verde, Montebello, CA 90640.

6. Defendant CW on the Blvd., Inc. is a California corporation with its principal place of business at 500 Via Val Verde, Montebello, CA 90640.

7. Defendant Robert Azinian is an individual who resides in Los Angeles County, CA.

8. Defendant Christina Azinian is an individual who resides in Los Angeles County, CA.

**Jurisdiction and Venue**

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

10. This Court has personal jurisdiction over Defendants because Defendants maintain their principal place of business or are otherwise domiciled in this judicial district.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants are residents of California and in this district.

## Stipulated Permanent Injunction

12. Defendants—including any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, parent corporations, or entities owned or controlled by any defendant—as well as all those in active concert or participation with Defendants, are hereby permanently restrained and enjoined from:

    a. Using the CABO WABO Marks, including the "Cabo Wabo" trade dress, or the name and likeness of Sammy Hagar, for any purpose;

    b. Displaying or otherwise using, in any manner, names, marks, logos, or other imagery that are confusingly similar to the CABO WABO Marks or Mr. Hagar's name or likeness;

    c. Displaying, selling, or offering for sale any merchandise bearing the CABO WABO Marks or using Mr. Hagar's name or likeness in any capacity; and

    d. Representing to the public, in any way, that they are (i) an authorized Cabo Wabo Cantina restaurant, or (ii) otherwise affiliated with or endorsed by Plaintiffs.

13. The Court will retain jurisdiction of the Parties to enforce the terms of this Stipulated Permanent Injunction and the Parties' Settlement Agreement, and to address any other matters arising out of or regarding this Stipulated Permanent Injunction—including any allegations that Defendants have failed to comply with their obligations as set forth herein, and the Parties agree to submit to the Court's

-4-

1  jurisdiction for those purposes.

2      14. Plaintiffs' claims against Defendants are hereby dismissed with
3  prejudice, except to the extent the Court retains jurisdiction over Defendants
4  pursuant to Paragraph 13 above.

5      **IT IS SO ORDERED.**

7  Date: _____    _____
                                                               Hon. George H. Wu
8                                                                 United States District Judge